IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | | |
|---|---|---|
| ROGER SCHOCK, <br> 2310 3rd Avenue <br> Leavenworth, Kansas 66048 <br><br> Plaintiff, <br><br> v. <br><br> CEREAL INGREDIENTS, INC. <br> Serve: <br> Robert W. Hatch <br> 4720 South 13th Street <br> Leavenworth, Kansas 66048 <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.  07-2182 JTM |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Roger Schock, by and through counsel, McKee & Ireland, L.L.C., and for his causes of action against Defendant Cereal Ingredients, Inc., alleges and states as follows:

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1332, diversity of citizenship, and claims in excess of $75,000 exclusive of interest and costs, pursuant to 28 U.S.C. Sec. 1331, because of federal question.

### PARTIES

2. Roger Schock is a resident of the state of Kansas, with an address of 2310 3rd Avenue, Leavenworth, Kansas 66048.

3. Defendant Cereal Ingredients, Inc. ("Cereal Ingredients") is a corporation incorporated in Delaware and duly authorized to engage in business within the state of

Kansas and may be served with Notice and Summons by serving its Registered Agent, Robert W. Hatch, 4720 South 13th Street, Leavenworth, Kansas 66048.

4. Defendant's tortious conduct as set forth below, resulted from plaintiff's exercise of statutory rights under the Kansas Worker's Compensation Act, and defendant's conduct was in violation of, among other things, the Americans with Disabilities Act, the Kansas Act Against Discrimination and public policy.

**AMERICAN'S WITH DISABILITIES ACT, KANSAS ACT AGAINST DISCRIMINATION AND RETALIATORY DISCHARGE UNDER BOTH STATE AND FEDERAL LAW**

5. Mr. Schock began working for Cereal Ingredients as a production worker on or about January 3, 2006.

6. On or about May 26, 2006, Mr. Schock was injured working for defendant when he was lifting bags of sugar that weighed approximately 110 pounds.

7. Mr. Schock immediately reported his injury to his weekend Supervisor, Jared Hartman.

8. Mr. Hartman did not respond appropriately to the injury report and Mr. Schock continued to work.

9. Mr. Schock's supervisor did not fill out any accident reports.

10. Mr. Schock's supervisor did not give Mr. Schock any paperwork to fill out regarding his accident.

11. After a short time, Mr. Schock began having problems with his neck and shoulders.

12. Mr. Schock spoke to his supervisor daily about his injuries and the pain he was experiencing.

13.     On or about June 3 or 4, 2006, Mr. Schock's injuries hurt to the point that it was impossible to continue working.

14.     Mr. Schock immediately reported his injuries to his weekend Supervisor, Jared Hartman.

15.     Mr. Hartman reported the injury to the Production Supervisor, Bennett French.

16.     Because of Mr. Schock's injuries, he sought medical treatment at the Cushing Memorial Hospital Emergency Room in Leavenworth, Kansas.

17.     Due to his injuries Mr. Schock was advised while at the Emergency Room to take three days off of work and to follow-up with his primary care physician.

18.     Mr. Schock sought treatment with his family care physician at the Associates in Family Healthcare, P.A. in June 2006.

19.     Dr. Lisa Madsen examined Mr. Schock on or about June 12, 2006.

20.     Dr. Madsen prescribed light duty work, physical therapy and prescription medication to Mr. Schock.

21.     Mr. Schock returned to work on or about June 14, 2006 to light duty as prescribed by his physician.

22.     Mr. Schock was told repeatedly by supervisors that upper management did not believe his claim and that the company believed he was lying about his injuries.

23.     Mr. Schock was prescribed physical therapy for his injuries, which caused him to miss at least one day of work per week.

24.     Mr. Schock also attended appointments with his Orthopedic Doctors that caused him to miss time from work.

25. Mr. Schock did not take any vacation days between June 2006 and November 2006.

26. Mr. Schock took 3 days of sick leave between August 24 – 26, 2006, for which he was under a doctor's care and provided defendant a written excuse from his physician.

27. Mr. Schock was continually ridiculed by co-workers regarding his injuries.

28. Mr. Schock was called a "lazy bastard" and told to "go back to his jail cell" when he left his station.

29. On or about November 14, 2006, Mr. Schock informed his supervisor that he would be missing work due to a dentist appointment.

30. On or about November 15, 2006, Mr. Schock attempted to re-schedule his dentist appointment in order to avoid missing his shift. He was unable to do so, and informed his supervisor that he would be absent from a portion of his shift on November 17, 2006 due to a dentist appointment.

31. Mr. Schock was given permission to leave work on November 17, 2006 by his supervisor and was told to bring a note from his dentist regarding his appointment on his next scheduled work day.

32. On or about November 20, 2007 at the end of his shift, Mr. Schock was approached by his supervisor who advised Mr. Schock that he was suspended.

33. Mr. Schock's supervisor was unable to articulate a reason for the suspension.

34. Mr. Schock was not given a reason for his suspension for at least 3 weeks.

35. Mr. Schock was not given a reason for his suspension until after defendant had been contacted by Mr. Schock's attorney regarding his workers' compensation claim.

36. Mr. Schock's workers' compensation attorney informed defendant that Mr. Schock had incurred absences from work as a result of his work injuries and the effects of his medication.

37. Mr. Schock was advised that he was suspended for a "no call/no show" violation.

38. Mr. Schock did not receive any additional communication from defendant until January 25, 2007 when he received a certified letter terminating him for 3 "no call/no shows".

39. The certified letter did not detail the alleged "no call/no shows", nor did it give dates or any other identifying information regarding the termination.

40. Despite knowing that Mr. Schock's absences from work were necessitated by his work injuries, instead of allowing Mr. Schock to return to work, defendant fired him sometime after January 25, 2007.

41. At the time of his termination Mr. Schock had accumulated personal leave that had not been used.

42. Mr. Schock informed his supervisors and received authorization prior to his medical related absences.

43. It is undisputed that Mr. Schock sustained valid and legitimate work related injuries while working for defendant.

5

44. It is undisputed that defendant knew about Mr. Schock's work injuries, his need for medical treatment and his ongoing medical treatment.

45. It is undisputed that defendant fired Mr. Schock.

46. At the time he was fired, defendant knew that it was firing Mr. Schock for absences that were necessitated by his work injuries and/or because defendant had refused to allow him to return to work. In addition, at the time it fired him, defendant knew that Mr. Schock was exercising his lawful statutory rights under the Kansas Workers' Compensation Act, K.S.A. 44-501, *et. seq.*

47. Based upon defendant's discrimination against him, Mr. Schock timely filed a charge of discrimination with the EEOC and the KHRC on or about January 24, 2007. A copy of said charge is attached hereto as Exhibit "A".

48. Mr. Schock has received a Notice of Right to Sue Letter from the EEOC and the KHRC. A copy of said letters are attached hereto as Exhibits "B" and "C".

49. Over sixty (60) days have elapsed since the filing of Mr. Schock's charge with the EEOC alleging unlawful discrimination.

50. Mr. Schock has fulfilled all conditions precedent to the filing of this action.

51. Mr. Schock is ready, willing and able to work for defendant.

52. Under Kansas law, if an employee exercises statutory rights under the Kansas Workers' Compensation Act against an employer and the employer fires the employee in retaliation for such exercise, the employer is liable to the employee for retaliatory discharge.

53. Under Kansas law, an employer that fires an employee when the employer knows or should have known that it was firing the employee for absences necessitated by a work injury is liable for retaliatory discharge.

54. Under Kansas law, an employee that is fired for exercising rights under the Kansas Workers' Compensation Act is entitled to recover actual and punitive damages.

55. Mr. Schock's firing constitutes a discriminatory practice in retaliation for the pursuit of a protected right.

56. Defendant's firing of Mr. Schock was a direct and proximate result of Mr. Schock's work injuries, his need for medical treatment, his need to be absent from work because of his work injuries and his exercise of statutory rights under the Kansas Workers' Compensation Act.

57. Defendant's conduct in firing Mr. Schock constitutes unlawful retaliation in violation of Public Policy and the Law.

58. As a result of defendant's tortious conduct, Mr. Schock has suffered egregious economic and emotional damages.

59. Defendant's refusal to allow Mr. Schock to freely obtain medical treatment and its subsequent punishment of him for obtaining medical treatment constitutes egregious willful, wanton or malicious conduct.

60. Defendant intentionally discriminated against Mr. Schock by firing him for his need to be off work for his work injuries.

61. As a result of Defendant's tortious conduct, Mr. Schock has sustained past, present and future losses.

62. Defendant's conduct in firing Mr. Schock caused him humiliation and embarrassment.

63. As a proximate result of defendant's firing him, Mr. Schock's reputation as a faithful and diligent employee has been damaged, and it became difficult, if not impossible, for him to obtain employment in a position comparable to his position with defendant at the time he was fired. As a result, plaintiff has been damaged, thereby sustaining great economic loss as well as humiliation and embarrassment.

64. Plaintiff's firing by defendant has imposed embarrassment, humiliation, and emotional distress upon plaintiff, for which defendant is responsible to plaintiff for damages for emotional distress.

65. The discriminatory and retaliatory conduct of defendant against Mr. Schock was willful justifying the imposition of an award of liquidated damages against defendant.

66. Mr. Schock has already incurred and will continue to incur substantial attorneys' fees and expenses in prosecuting his claims for discrimination to which fees and expenses he is entitled.

67. The discriminatory and retaliatory conduct of defendant against Mr. Schock was willful, wanton or malicious, justifying the imposition of an award of punitive damages against defendant.

WHEREFORE plaintiff Roger Schock respectfully prays for judgment in his favor and against defendant Cereal Ingredients, Inc. in the form of the order of this Court: (1) permanently restraining defendat from ever again discriminating against plaintiff or any other individual on the basis of that individual's disability; (2) reinstating plaintiff to his

position with any promotions and pay increases he would have received in the interim; (3) awarding him back pay in an amount yet to be determined; (4) in the alternative to reinstatement, awarding him front pay in an amount yet to be determined; (5) awarding him lost fringe benefits in an amount yet to be determined; (6) awarding him liquidated damages in an amount equal to his actual damages; (7) awarding him damages for humiliation and embarrassment; (8) awarding him the costs and expenses, including attorneys' fees and expert witness' fees, incurred in prosecuting his claims of discrimination; (9) awarding him punitive damages; and (10) awarding such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL

Plaintiff demands trial by jury in Kansas City of all issues so triable as a matter of right.

Respectfully submitted,

MCKEE & IRELAND, L.L.C.


/s/ Aaron C. McKee
Aaron C. McKee                                KS# 20889
Kimberly J. Ireland                           KS# 22016

13970 Santa Fe Trail Drive
Lenexa, Kansas 66215
(913) 492-3970
(913) 492-3971 – Facsimile
aaronmckee@mckee-law.com
kimberlyireland@mckee-law.com

**ATTORNEYS FOR PLAINTIFF ROGER SCHOCK**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| ROGER SCHOCK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| CEREAL INGREDIENTS, INC., | ) ) ) |
| Defendant. | ) |

## VERIFICATION

I, Roger Schock, of lawful age, being first duly sworn upon my oath states:

That I am the Plaintiff herein; that I have read the above and foregoing Complaint, know the contents thereof and that the statements and allegations contained therein are true.

_____
ROGER SCHOCK

STATE OF Kansas )
COUNTY OF Leavenworth ) ss:

Subscribed and sworn to me this 27 day of April, 2007.

_____
Notary Public

My Commission expires: 13 December 2009

[Notary Seal: PATRICIA J. SMITH, NOTARY PUBLIC, My Appt. Expires, STATE OF KANSAS]

10

# EXHIBIT "A"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 563-2007-00647 |

Kansas Human Rights Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Roger D. Schock | (913) 297-0129 | 12-15-1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2310 3rd Ave. | Leavenworth, KS 66048 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CEREAL INGREDIENTS, INC. | 101 - 200 | (913) 727-3434 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4720 S. 13th Street | Leavenworth, KS 66048 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☒ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-20-2006    Latest: 01-18-2007

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired as a production worker on January 3, 2006. In early June 06', I injured myself on the job and I was allowed to work light duty for a few months. I was off on worker compensation for about 5 weeks and then went back to work on light duty again in October 06'. On November 20th I was suspended pending termination for alleged no call/no show. In January 07' I received a letter date January 18, 2007, stating that I was terminated effective immediately.

I believe that I have been discriminated against in violation of the Americans with Disabilities Act of 1990, as amended, by being suspended and discharged because I injured myself on the job and filed for workers compensation.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

1/24/07  *Roger Schock*
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

# EXHIBIT "B"

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Roger D. Schock
2310 3rd Ave.
Leavenworth, KS 66048

From: Kansas City Area Office - 563
Gateway Tower II
400 State Avenue
Kansas City, KS 66101

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2007-00647 | Samuel D. James, Investigator | (913) 551-6612 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
James R. Neely, Jr.
Director

FEB 0 1 2007
(Date Mailed)

Enclosures(s)

cc: CEREAL INGREDIENTS, INC.
4720 S. 13th Strett
Leavenworth, KS 66048

# EXHIBIT "C"



| | |
|---|---|
| ERROL V. WILLIAMS, Chairman<br>TOPEKA<br>BETH M. BRADRICK, Ph.D.<br>PITTSBURG<br>DAVID A. HANSON<br>TOPEKA<br>CLYDE HOWARD<br>MANHATTAN<br>LOU ANN THOMS<br>TOPEKA<br>ANTHONY VILLEGAS, SR.<br>KANSAS CITY<br>JEROME WILLIAMS<br>WICHITA<br><br>TTY (785) 296-0245<br>FAX (785) 296-0589<br>800# 1-888-793-6874 | KATHLEEN SEBELIUS, GOVERNOR<br>WILLIAM V. MINNER<br>  EXECUTIVE DIRECTOR<br>RUTH GLOVER<br>  ASSISTANT DIRECTOR<br>BRANDON L. MYERS<br>  CHIEF LEGAL COUNSEL<br>JUDY FOWLER<br>  SENIOR LEGAL COUNSEL<br>CATHERINE A. WALTER<br>  STAFF ATTORNEY<br>BILL WRIGHT<br>  TOPEKA INVESTIGATIVE<br>  ADMINISTRATOR<br>ORIE KIRKSEY<br>  TOPEKA INVESTIGATIVE<br>  ADMINISTRATOR<br>JANE L. NEAVE<br>  WICHITA INVESTIGATIVE<br>  ADMINISTRATOR<br>RICK FISCHLI<br>  RACIAL AND OTHER PROFILING<br>  ADMINISTRATOR<br>BETH MONTGOMERY<br>  OFFICE MANAGER |

**KANSAS**

**KANSAS HUMAN RIGHTS COMMISSION**

**LANDON STATE OFFICE BLDG. – 5TH FLOOR**
**900 S.W. JACKSON – SUITE 568 S.**
**TOPEKA, KANSAS 66612-1258**
(785) 296-3206
www.khrc.net

February 9, 2007

Roger D. Schock
2310 3rd Avenue
Leavenworth, Kansas 66048

RE: Case No. 30727-07, Roger D. Schock vs. Cereal Ingredients, Inc. and its Representatives

Dear Mr. Schock:

The above complaint was both filed with the United States Equal Employment opportunity Commission (EEOC) and the Kansas Human Rights Commission (KHRC). The EEOC investigated the complaint and issued a No Probable Cause Finding. KHRC found it to be sufficient and complete and has concluded that the summarization of facts and/or determination issued to the parties by EEOC to adequately address the issues involved in the KHRC complaint. Based upon a review of the information provided through the EEOC investigation, the KHRC investigating commissioner hereby issues a determination of no probable cause regarding the above-filed complaint filed with KHRC.

KHRC determination of probable cause/no probable cause as to the complaints filed with the agency are not appeasable or subject to reconsideration. However, this determination constitutes exhaustion of administrative remedies should the complainant chose to pursue this matter further by court action. Such matters may be reviewed with legal counsel representing a party to such a complaint.

                                              Sincerely,

                                              William V. Minner
                                              Executive Director

WVM/sjt