**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ROGER SCHOCK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-2182-JTM |
| ) | |
| **CEREAL INGREDIENTS, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend his complaint to add a claim for negligence based on premise liability. (Doc. 13). Defendant opposes the motion, arguing that the amendment would be futile. For the reasons set forth below, the motion to amend shall be DENIED.

### Background

Highly summarized, plaintiff alleges in his complaint that he was injured while working for defendant and filed a workers compensation claim. Defendant subsequently terminated plaintiff and plaintiff contends that his termination was (1) illegal discrimination against a disabled individual in violation of the ADA and (2) retaliation for filing a workers compensation claim in violation of Kansas law. As noted above, plaintiff now seeks leave to amend his complaint to add a negligence claim against his employer concerning his work

related injury.

## Analysis

The standard for permitting a party to amend his complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. <u>Panis v. Mission Hills Bank</u>, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing <u>Woolsey v. Marion Labs., Inc.</u>, 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." <u>Koch v. Koch Industries</u>, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including untimeliness, prejudice to the other party, bad faith, and futility of amendment. <u>Hom v. Squire</u>, 81 F.3d 969, 973 (10th Cir. 1996).

Defendant contends that plaintiff's motion to add a claim of negligence for his work related injury is futile because plaintiff filed a workers compensation claim for the injury and received compensation.[2] The court agrees. Under Kansas law, "no employer ... shall be liable for any injury for which compensation is recoverable under the workers compensation

---

[1] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

[2] Plaintiff filed no reply brief and does not challenge defendant's contentions.

act." K.S.A. 44-501(b); <u>Anderson v. National Carriers, Inc.</u>, 10 Kan. App. 2d 203, 695 P.2d 1293 (Kan. App. 1985)(workers compensation law provides exclusive remedy for claim of work injury against employer). Accordingly, the proposed amendment would be futile.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend (**Doc. 13**) is **DENIED.**

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 11th day of January 2008.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge